# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WINKING, SUMMER HOLLIS, and JAMES KILBANE, on behalf of themselves and all other plaintiffs similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHFIELD FRESH MEATS CORP., and SMITHFIELD DISTRIBUTION, LLC,<br><br>Defendants. | Case No.: 1:22-cv-01937<br><br>Hon. Judge Charles P. Kocoras<br><br>Mag. Judge Sunil R. Harjani |

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, on April 14, 2022, Plaintiffs Kevin Winking, James Kilbane, and Summer Hollis ("Named Plaintiffs") filed a complaint in the above captioned civil action in the United States District Court for the Northern District of Illinois against Defendants Smithfield Fresh Meats Corp. and Smithfield Distribution, LLC on behalf of themselves and other similarly-situated current and former employees of Defendants (the "Lawsuit");

WHEREAS, in the Lawsuit, Named Plaintiffs assert, on behalf of themselves and a proposed class of employees, claims against Smithfield Fresh Meats Corp., and Smithfield Distribution, LLC ("Defendants") for allegedly unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, Named Plaintiffs and Defendants conducted a series of meetings with Magistrate Judge Harjani, including most recently on September 30, 2022, to discuss a possible resolution of the Lawsuit;

WHEREAS, through the course of these settlement discussions, the Parties agreed to settle some of the claims alleged in the Lawsuit, specifically all claims involving current and former employees of Smithfield Distribution, LLC, including those claims of Plaintiff Kilbane;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit by employees of Smithfield Distribution, LLC;

1

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

1. This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Plaintiff Kilbane, individually and on behalf of the Distribution Settlement Class (defined below) (collectively, "Plaintiffs"), and Defendant Smithfield Distribution, LLC, and sets forth the terms and conditions of the settlement of claims of employees of Smithfield Distribution, LLC in the Lawsuit (the "Settlement"). This Settlement is subject to the approval of the Court. The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of this Settlement and to dismiss this Lawsuit with prejudice upon final judicial approval of the terms and conditions of the Settlement.

## TERMS AND DEFINITIONS

2. **Available Settlement Share.** "Available Settlement Share" means the amount of the Net Settlement Fund that is allocated to each Distribution Class Member.

3. **Claims Administrator.** "Claims Administrator" means a third-party settlement claims administrator mutually agreed upon by the Parties and engaged by the Parties to aid in the administration of the Settlement. The duties of the Claims Administrator are defined below, and the Parties will include them in the engagement agreement with the Claims Administrator.

4. **Claim Form.** "Claim Form" means the form included with the notification of the Settlement by which Distribution Class Members can assert a claim and participate in the Settlement. This same form should also be submitted by Future Claimants to claim an Available Settlement Share.

5. **Class Counsel.** "Class Counsel" means Fish Potter Bolaños, P.C.

6. **Class Period.** "Class Period" means the period between April 1, 2020 and October 31, 2020.

7. **Court.** "Court" means the United States District Court for the Northern District of Illinois.

8. **Day.** "Day" or "Days" refers to calendar days unless specifically stated otherwise herein. For purposes of determining deadlines under this Settlement Agreement, Fed. R. Civ. P. 6 shall apply.

9. **Defendant.** "Defendant" means Smithfield Distribution, LLC.

10. **Defendant's Counsel.** "Defendant's Counsel" means Jackson Lewis P.C.

11. **Distribution Class Members.** "Distribution Class Members" means members of the Distribution Settlement Class, each of whom are identified by Employee ID number on Exhibit 1.

12. **Distribution Settlement Class.** The "Distribution Settlement Class" means Plaintiff Kilbane and all current and former non-exempt employees of Smithfield Distribution, LLC who worked anywhere in the U.S., anytime during the Class Period, and received at least one Responsibility Bonus payment during the Class Period, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate.

13. **Fee Award.** Class Counsel shall petition the Court for attorneys' fees not to exceed sixty thousand dollars ($60,000.00) and costs not to exceed two thousand dollars ($2,000). This amount of attorneys' fees and costs will be deducted from the Gross Settlement Fund and is referred to as the "Fee Award".

14. **FLSA.** "FLSA" means the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

15. **Future Claimants.** "Future Claimants" means any member of the Distribution Settlement Class who does not file a timely Claim Form but who comes forward after the opt-in period has closed and seeks to assert any claim related to the Responsibility Bonus.

16. **Gross Settlement Fund.** "Gross Settlement Fund" means the maximum amount that Defendants are obligated to pay under this Settlement Agreement, which is one hundred eighty thousand dollars ($180,000.00).

17. **Lawsuit.** The "Lawsuit" means the civil action in the United States District Court for the Northern District of Illinois that Plaintiffs Kevin Winking, James Kilbane, and Summer Hollis filed on April 14, 2022, against Defendants Smithfield Fresh Meats Corp., and Smithfield Distribution, LLC, on behalf of themselves and other similarly-situated current and former employees of Defendants.

18. **Net Settlement Fund.** The "Net Settlement Fund" means the balance of the Gross Settlement Fund remaining after deducting from the Gross Settlement Fund the Fee Award or Reduced Fee Award (as applicable), the Service Award approved by the Court, the employer's share of payroll taxes, and the fees and expenses of the Claims Administrator.

19. **Notice and Claim Form.** "Notice and Claim Form" means the notification of the Settlement that will be mailed to Distribution Class Members along with a Claim Form.

20. **Parties.** The "Parties" means the Distribution Settlement Class (including Plaintiff Kilbane) and Defendant.

21. **Approval Order.** "Approval Order" means the Court's order issued in accordance with the terms in Paragraph 38.

22. **Reduced Fee Award.** "Reduced Fee Award" means the amount of attorneys' fees, costs and expenses that the Court may award Class Counsel that is less than the Fee Award.

23. **Releasees.** "Releasees" means Smithfield Distribution, LLC, Smithfield Foods, Inc. and their respective present and former (a) subsidiaries, divisions, parent companies, holding companies, and (b) each of its or their stockholders, officers, directors, employees, agents,

        servants, representatives, attorneys, insurers, affiliates, predecessors, successors, and assigns and (c) employee benefit or welfare programs or plans (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced herein.

24. **Responsibility Bonus.** "Responsibility Bonus" refers to the additional payments labeled "Responsibility Bonus" and "Responsibility Pay" in the Complaint, which Plaintiffs allege should have been included in the regular rate of employees of Smithfield Distribution, LLC during the Class Period for purposes of calculating overtime. *See* Pls.' Compl. ¶¶ 16-27.

25. **Service Award.** "Service Award" means the award of five thousand dollars ($5,000.00) for Plaintiff Kilbane to be paid in recognition of Plaintiff Kilbane's role and participation as a named Plaintiff in the Lawsuit and in exchange for a general release of Plaintiff Kilbane's claims.

26. **Settlement Effective Date.** "Settlement Effective Date" means the date on which the Settlement embodied in this Settlement Agreement shall become effective, which date is the later of: (1) the date when the time for appeal of the Court's Approval Order of this Settlement Agreement has expired or (2) the date of the final resolution of any appeal or other judicial review of the Settlement if an appeal has been filed and not dismissed.

## NO ADMISSION

27. The Parties acknowledge and agree that there is a good-faith dispute as to whether any amounts for alleged unpaid wages are owed, and they agree that the amount to be paid under this Settlement Agreement represents a good faith compromise of such dispute. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement, nor the consummation of this Settlement, is to be offered, construed or deemed an admission of liability, culpability, negligence, wrongdoing, impropriety, responsibility or fault whatsoever on the part of the Releasees and all such entities and persons expressly deny any liability, culpability, negligence, wrongdoing, impropriety, responsibility or fault whatsoever.

28. In addition, and also without limiting the generality of the foregoing, nothing about this Settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying the Distribution Settlement Class in the Lawsuit or any other action for adversarial, rather than settlement, purposes. While Defendants have agreed that class certification is appropriate for settlement purposes, this Settlement Agreement is for settlement purposes only, and Defendants maintain that class certification would be inappropriate if the Parties were to continue litigating the Lawsuit. If this Settlement Agreement is not finally approved by the Court, Defendants' agreement to certification of the Distribution Settlement Class for settlement purposes only shall be null and void and may not be used or relied upon by Plaintiffs, Class Counsel, or any Distribution Class Member for any purposes.

4

29. Plaintiffs and Class Counsel agree not to use the fact that the motion for settlement approval is being filed in the Lawsuit as a basis to assert that the Lawsuit should not be reassigned to Judge Blakey.

30. Defendant and Defendant's Counsel agree not to use the fact of this Settlement Agreement or that the motion for settlement approval is being filed in the Northern District of Illinois as any basis for waiver or admission regarding personal jurisdiction in *Jean-Francois v. Smithfield Foods Inc.* at al, Case No. 7:22-cv-00063 (E.D.N.C.). By the signatures below, Fish Potter Bolaños P.C. and Gibbons Law Group, PLLC, do not waive or admit any fact or issues pertaining to personal jurisdiction in *Jean-Francois v. Smithfield Foods Inc. et al*, Case No. 7:22-cv-00063 (E.D.N.C.).

## INVESTIGATION AND APPROVAL BY
## CLASS COUNSEL AND DEFENDANT'S COUNSEL

31. Class Counsel and Defendant's Counsel, respectively, have investigated the facts relating to the claims alleged, and have made a thorough study of the legal principles applicable to the claims asserted against Defendants. Class Counsel have investigated the facts relevant to the various claims, including an extensive review of voluminous documents and payroll data produced to Plaintiffs, and have diligently pursued investigation and prosecution of the Distribution Class Members' claims against Defendants. Class Counsel expressly acknowledge that there are differences and disputes, stated and unstated, that have arisen or foreseeably could arise between the Parties regarding the facts and law if this Lawsuit were not settled. Class Counsel have exercised their independent judgment and have determined that this Settlement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues or potential issues relating to discovery or disclosures or the completeness of their investigation, uncertainty as to facts and circumstances, risk of significant delay, risk of loss or limited recovery, disputed interpretations of applicable law, potential future changes in or interpretations of applicable law, and the defenses asserted by Defendants. Based upon Class Counsel's investigation and legal evaluation, and taking into account the sharply contested legal and factual issues involved, and Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Distribution Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that a settlement with Defendants on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of Distribution Class Members. In making these determinations, Class Counsel and Plaintiff Kilbane have not relied and do not rely on any assurance of Defendant or Defendant's Counsel that is not expressly stated herein. Defendant and Defendant's Counsel also agree that the Settlement set forth in this Settlement Agreement is a fair, reasonable, and adequate resolution of disputed claims.

## SETTLEMENT AMOUNTS AND ALLOCATION

32. Defendant agrees to make available up to one hundred eighty thousand dollars ($180,000.00) as the Gross Settlement Fund to fully and completely resolve the claims of the Distribution Settlement Class and in exchange for a release of the claims of Plaintiff Kilbane and the Distribution Settlement Class. Under no circumstances shall Defendant

5

be required to pay more than the Gross Settlement Fund under this Settlement Agreement. Defendant shall not be required to set aside, deposit or transfer any funds except as expressly stated herein and not until after the Settlement Effective Date.

33. **Payments Out of the Gross Settlement Fund.**

   a. **Administration of Settlement.** Class Counsel and Defendant's Counsel agree to cooperate to engage an independent Claims Administrator to administer the Settlement, and the fees and expenses of the Claims Administrator shall be paid from the Gross Settlement Fund.

   b. **Payroll Taxes.** The employer's share of payroll taxes on the wage portion of the Available Settlement Shares shall be deducted from the Gross Settlement Fund.

   c. **Service Award to Plaintiff Kilbane.** Class Counsel shall apply to the Court for a payment from the Gross Settlement Fund of a Service Award of five thousand dollars ($5,000.00) for Plaintiff Kilbane in recognition of his role and participation as a named Plaintiff and general release of his claims. This amount shall be in addition to his share from the Net Settlement Fund. Defendant shall not oppose the Service Award before the District Court but reserves the right to oppose the award on appeal. The enforceability of this Settlement Agreement is not contingent on whether the Court awards the amount sought for any Service Award or a lesser amount.

   d. **Attorneys' Fees.** Class Counsel shall be allocated sixty thousand dollars ($60,000) of the Gross Settlement Fund as a Fee Award as complete satisfaction of all claims by the Distribution Class Members and Class Counsel for attorneys' fees plus their actual out-of-pocket costs and expenses of any kind whatsoever (not to exceed two thousand dollars ($2,000)). Class Counsel shall apply to the Court for approval of payment of the Fee Award. Defendant and Defendant's Counsel shall not oppose such a request at the Court but reserve the right to do so in any appeal. If the Court awards a Reduced Fee Award, the balance of the Fee Award shall be distributed pro rata across the Distribution Settlement Class. Defendants shall pay the Reduced Fee Award approved by the Court, and the release and other terms of this Settlement Agreement shall continue to be fully effective and enforceable. If the Court purports to award a higher amount, Defendants shall only be obligated to pay the Fee Award. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Settlement Agreement. Distribution Class Members, and Class Counsel shall not be entitled to any attorneys' fees or expenses/costs in addition to those awarded by the Court pursuant to this Settlement Agreement and paid from the Gross Settlement Fund.

   e. **Determination of Each Distribution Class Member's Available Settlement Share of the Net Settlement Fund.**

(1)      The Distribution Net Settlement Fund shall be allocated among all Distribution Class Members to establish each Distribution Class Member's Available Settlement Share.

(2)      The Distribution Net Settlement Fund shall be allocated without regard to whether a Distribution Class Member timely executes and submits a Claim Form, but, subject to the provision below regarding Future Claimants, only those Distribution Class Members who properly and timely execute and submit a Claim Form shall have the right to be paid a Distribution Class Member's Available Settlement Share.

(3)      The amount of each Distribution Class Member's Available Settlement Share shall be determined consistent with the Parties' most recent overtime calculations as follows:

     a)      By calculating, on a per workweek basis, the amount of overtime that should have been paid had the Responsibility Bonus been included in the regular rate for each Distribution Class Member. If that calculation results in a deficiency in any given workweek, then the sum of those deficiencies represents each Distribution Class Member's alleged FLSA damages.

     b)      Any putative Distribution Class Member whose alleged FLSA damages are zero dollars ($0) shall not participate in the Settlement or receive a Notice, each of whom are identified by Employee ID number on Exhibit 2.

     c)      Any Distribution Class Member whose alleged FLSA damages are between one cent ($0.01) and twenty-five dollars ($25) shall receive a minimum settlement share of approximately twenty-five dollars ($25.00), subject to the changes in paragraphs (d) and (e).

     d)      Distribution Class Members whose alleged FLSA damages are more than twenty-five dollars ($25.00) and the Distribution Class Members described in paragraph (c) will be allocated the total of their alleged damages or minimum settlement share (in the case of those described in paragraph (c)) plus an additional 50.75%. of their alleged damages/minimum settlement share. The 50.75% represents $60,598.61 in additional settlement funds allocated proportionately to the Distribution Class Members. The 50.75% increase was determined by dividing $60,598.61 by the alleged FLSA damages ($114,751.54) plus the funds necessary to establish the $25.00 minimum ($4,649.85).

             Distribution Class Members' Available Settlement Shares are then determined by reducing the above total by a percentage representing Class Member's estimated net recovery. This estimated net recovery

7

    percentage is determined by dividing the Net Settlement Fund (estimated at $92,324) by the Gross Settlement Fund ($180,000.00).

    By example: Employee 13605's alleged damages are $157.24. She is allocated an additional $79.80, for a gross total of $237.04 (prior to any reduction for attorneys' fees, claims administrator fees and other reductions from the Gross Settlement Fund described above). Thus, her Available Settlement Share is estimated to be $121.58.

  e) If less than sixty percent (60%) of the Net Settlement Fund is claimed by Distribution Class Members during the notice period, then the settlement payments of those Distribution Class Members returning Claim Forms shall be proportionally increased such that sixty percent (60%) of the Net Settlement Fund is distributed. In other words, if the Net Settlement Fund is one hundred thousand dollars ($100,000) and only fifty thousand dollars ($50,000) in claims are made, then ten thousand dollars ($10,000) in additional funds would be allocated to the amount paid out to Distribution Class Members returning Claim Forms. The amount remaining in the Net Settlement Fund shall be held by the Claims Administrator to satisfy claims of any Future Claimants and any funds remaining after any Future Claimants can no longer receive funds shall be reverted to Defendants.

(4) Defendants have provided payroll records and proposed calculations to Class Counsel to assist Class Counsel, but Class Counsel shall be solely responsible for confirming the accuracy of allocation and calculation to establish each Distribution Class Member's Available Settlement Share.

(5) The Parties agree the method described above is a fair, reasonable, adequate and efficient method of calculating each Distribution Class Member's Available Settlement Share from the Net Settlement Fund.

f. **Claims by Future Claimants.** To the extent that any Future Claimant contacts anyone with the law firms Fish Potter Bolaños P.C. or Gibbons Law Group, PLLC or attorneys David Fish, John Kunze, Patrick Cowlin, or Phillip Gibbons to represent them for the Released Claims, Future Claimant can fill out and submit to the Claims Administrator a Claim Form, and the Claims Administrator will pay such Future Claimant his/her Available Settlement Share as reflected in Exhibit 1. If the fund for Future Claimants is exhausted, then Smithfield Distribution, LLC will pay Future Claimant his/her Available Settlement Share. Fish Potter Bolaños P.C. and Gibbons Law Group, PLLC, including any of their attorneys, will not charge any fees or costs to any Future Claimant; nor will Fish Potter Bolaños P.C. or Gibbons Law Group, PLLC, including any of their attorneys, seek any recovery from Releasees for representing such persons. All claims by Future Claimants must be asserted on or before January 31, 2024. Any funds that have not been claimed

8

by Future Claimants as of February 28, 2024, will be paid by the Claims Administrator to Smithfield Distribution, LLC.

g. **Reliance on Payroll and Swipe Records; Rebuttable Presumption.** The foregoing calculations shall be based on the records for Distribution Class Members made available by Defendants to Class Counsel. There shall be a rebuttable presumption that Defendants' records are correct, absent clear and convincing proof to the contrary. If there is any dispute regarding whether or when any person was employed in and regularly worked in a position in the Distribution Settlement Class during the Class Period, the individual employment and payroll records maintained by Defendants shall be presumed accurate absent clear and convincing evidence to the contrary.

h. **Tax Allocations.** The Service Awards to Plaintiff Kilbane shall be allocated to non-wage claims. Further, each FLSA Class Member's share of the Net Settlement Fund shall be allocated as follows: (1) fifty percent (50%) of the payment to each FLSA Class Member shall be allocated to wage claims and (2) fifty percent (50%) of the payment to each FLSA Class Member shall be allocated to all non-wage claims, including liquidated damages, interest and other applicable statutory penalties. The wage portion shall be subject to deductions as required by law. The non-wage portion or portions shall be paid without deductions, but a Form 1099 shall be issued by the Claims Administrator as required by law. Notwithstanding the foregoing, any amount of the Net Settlement Fund redistributed to Distribution Class Members if the claims do not equal or exceed sixty percent (60%) as described above in Paragraph 38(g)(3)(d), shall be allocated to non-wage claims. All employer-paid and due payroll taxes on the wage portions of this Settlement shall be paid out of the Gross Settlement Fund. For purposes of estimating the Net Settlement Fund, the Parties estimate approximately $4,500 in employer-side FICA taxes on a 60% claims rate.

i. **Tax Reporting.** Within the time period prescribed by applicable law, the Parties shall instruct the Claims Administrator to provide to each FLSA Class Member receiving a payment from the Settlement fund an IRS Form W-2 (for wages) and an IRS Form 1099 (for non-wages), and corresponding state tax reporting forms. The Claims Administrator shall be instructed to provide Plaintiff Kilbane an IRS Form 1099 (and corresponding state form) for any Service Award received. The Claims Administrator shall be instructed to provide Class Counsel with an IRS Form 1099 (and corresponding state form) for the attorneys' fees and expenses/costs awarded to Class Counsel. Each Distribution Class Member shall be responsible for any tax liability associated with said Class Member's share of the Settlement.

**RELEASES BY PLAINTIFF KILBANE AND THE DISTRIBUTION SETTLEMENT CLASS**

34. Upon Approval by the Court of the Settlement, the Distribution Class Members who submit Claim Forms and any Future Claimants who submit Claim Forms shall fully discharge

Releasees from any and all known or unknown claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, interests, and causes of action of whatever kind or nature relating in any way to the failure to properly compute wages during the Class Period or to the facts and claims that were alleged or that reasonably arise out of the acts alleged in the Lawsuit, which includes all claims for uncompensated time, minimum wages, overtime wages, or any other wages, including, but not limited to, claims arising under the FLSA, state statutes governing minimum wages, overtime wages, and payment of wages, wage notices, state common law (breach of contract, unjust enrichment and other common law claims), and any other federal, state, or local law, rule, regulation, ordinance, or public policy. The release encompasses any claims, damages, costs, fees, or expenses that are derivative of the claims being released. All the claims released are referred to as "Released Claims".

35. In consideration of the Service Award, Plaintiff Kilbane shall execute a General Release of all claims in the form attached hereto as Exhibit 3.

36. In addition, for Distribution Class Members and any Future Claimants, the back of each check shall include the following release language: "I agree to all terms of the Settlement Agreement and Release in *Winking, et al. v. Smithfield Packaged Meats Corp., et al.*, and waive any right to bring suit for wages under state or federal law as stated therein."

## DUTIES OF THE PARTIES PRIOR TO APPROVAL ORDER

37. This Settlement Agreement is subject to approval by the Court.

38. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an order (the "Approval Order"):

   a. Approving the Settlement;

   b. Certifying the Distribution Settlement Class for purposes of the notice and claims process and determining whether the terms of this Settlement are fair, reasonable and adequate;

   c. Designating Plaintiff Kilbane as representative Plaintiff under 29 U.S.C. § 216(b) and appointing Plaintiffs' Counsel as Class Counsel, for purposes of settlement only;

   d. Approving the payment of a Service Award to Plaintiff Kilbane of up to but not more than five thousand dollars ($5,000.00);

   e. Approving the Fee Award or the Reduced Fee Award (as applicable). However, if the Court purports to award a higher amount than the Fee Award, Defendants shall only be obligated to pay the Fee Award;

   f. Approving the payment of the fees and expenses of the Claims Administrator as provided herein;

10

    g.    Entering an order permanently barring all Distribution Class Members from prosecuting any of the claims released by the terms of this Settlement Agreement;

    h.    Approving as to form and content the proposed Notice and Claim Form attached to the Parties' Motion for Approval as Exhibit 4; and

    i.    Directing the mailing of the Notice and Claim Form by the Claims Administrator to the Distribution Class Members by First Class U.S. Mail.

39.    In the event this Settlement Agreement is not approved by the Court, Defendants shall not be obligated to make any payments to Plaintiff Kilbane, Class Counsel, or any Distribution Class Members under this Agreement.

40.    A failure of the Court to approve any material condition of this Settlement Agreement that makes a fundamental change to the material terms or conditions of the Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. However, neither party may void the Settlement Agreement based on the Court's non-approval of the Service Awards or any request for attorneys' fees and expenses/costs or based on the award of any lower amount of attorneys' fees and expenses/costs or Service Awards. The Court's failure to approve the Fee Award or the Service Award to Plaintiff Kilbane shall not render the Settlement Agreement unenforceable. Each Party may exercise its option to void this Settlement as provided in this paragraph by giving notice, in writing, to the other Parties and to the Court at any time prior to the later of the Court's final approval of the Settlement or within one (1) business day following the entry of any order or judgment effecting a change that authorizes voiding under this paragraph. If this Settlement is voided, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose.

## DUTIES OF THE PARTIES FOLLOWING
## APPROVAL ORDER

41.    Within ten (10) days following the entry by the Court of an Approval Order, Class Counsel shall deliver to Defendants' Counsel copies of the Agreement and General Release of all claims signed by Plaintiff Kilbane and Class Counsel.

42.    Within ten (10) days following the entry by the Court of an Approval Order, Defendants shall provide to the Claims Administrator a list of all Distribution Class Members and their current or last known addresses, phone numbers, and social security numbers as shown in Defendants' records. This information is not to be shared with Class Counsel and is to be treated by the Claims Administrator as confidential.

43.    **Notice to the Class Members.** The Parties will direct the Claims Administrator to send by first class mail a copy of the Notice and Claim Form, substantially in the form of Exhibit 4 to the Parties' Motion for Settlement Approval and approved by the Court, including any

11

modifications at the direction of the Court within thirty (30) days after entry of the Approval Order.

    a.    Each Distribution Class Member who properly and timely executes and submits to the Claims Administrator the Claim Form (or the electronic equivalent thereof on an Internet site to be established and maintained by the Claims Administrator) shall receive payment and shall be bound by the release and the dismissal with prejudice, as provided herein;

    b.    Each Distribution Class Member who does not return a Claim Form shall not receive payment from the Net Settlement Fund.

44. Any Notice and Claim Form returned to the Claims Administrator as undeliverable shall be sent to the forwarding address affixed thereto. The Parties agree that the deadlines contained herein shall not be extended for Distribution Class Members whose Notices and Claim Forms were returned as undeliverable and re-mailed pursuant to this paragraph.

45. Distribution Class Members shall have sixty (60) days from the date of first mailing of the Notice and Claim Form within which to return their Claim Forms to the Claims Administrator. Any Claim Forms must actually be received by the Claims Administrator on or before the sixty-seventh day from the date of first mailing of the Notice and Claim Form. Class Counsel will file any claim forms received within seventy (70) days from the date of first mailing of the Notice and Claim Form.

## SETTLEMENT PAYMENTS

46. Within ninety (90) days from the date of first mailing of the Notice and Claim Form, Class Counsel and Defendant's Counsel, with the assistance of the Claims Administrator, shall complete the following determinations:

    a.    Defendants shall provide to Class Counsel, to the extent not already provided, the information reasonably necessary for Class Counsel to compute each Distribution Class Member's Available Settlement Share of the Net Settlement Fund using the method stated in this Settlement Agreement. Defendants shall provide this information on a confidential basis.

    b.    With the assistance of Defendant's Counsel and the Claims Administrator, Class Counsel shall confirm each Distribution Class Member's Available Settlement Share of the Net Settlement Fund, taking into account the Court's rulings on the awards of attorneys' fees and expenses/costs, Service Awards, and the fees and expenses of the Claims Administrator and taking into account the percentage of the Net Settlement Fund claimed by those opting-in; and

    c.    The Parties shall determine the total amount of the Available Settlement Shares that are to be paid to those Distribution Class Members who properly and timely executed and submitted Claim Forms. The funds for Available Settlement Shares associated with those Distribution Class Members who did not properly and timely execute and submit Claim Forms shall be paid to the Claims Administrator to hold

        to pay the claims of any Future Claimants. In the event that any Future Claimants come forward prior to January 31, 2024 and submit a claim form to Class Counsel or to the Claims Administrator, those individuals will be paid his or her Available Settlement Share set forth in Exhibit 1.

      d.    The Parties shall direct the Claims Administrator to determine the estimated amount of the employer share of payroll taxes on the wage portions of payments to be made to those Distribution Class Members, and shall notify the Parties of that amount, which shall be deducted from the Gross Settlement Fund before a final calculation of each Distribution Class Member's Available Settlement Share is calculated.

47.    Within ninety-five (95) days from the date of first mailing of the Notice and Claim Form, Defendants shall transfer by wire transfer to the account of the Claims Administrator the Gross Settlement Fund of one hundred and eighty thousand dollars ($180,000.00).

48.    Within one hundred and five (105) days from the date of first mailing of the Notice and Claim Form, the Parties will direct the Claims Administrator to distribute the appropriate amounts as follows:

      a.    The Claims Administrator shall issue two checks to each Distribution Class Member who properly and timely executed and submitted a Claim Form, one check for the net wage amount (after withholding) and one check for the non-wage amount. Each check shall bear the release language on the back of the check as stated above. The Claims Administrator shall send those checks to each Distribution Class Member by First Class U.S. Mail.

      b.    The Claims Administrator shall issue a check to Plaintiff Kilbane for the Service Award payment and shall send that check by First Class U.S. Mail.

      c.    The Claims Administrator shall deliver to Class Counsel the Fee Award or Reduced Fee Award, as approved by the Court, either by check or by wire transfer, at the election of Class Counsel.

      d.    The Claims Administrator shall disburse to itself payment of the fees and expenses of the Claims Administrator that have been approved by the Court.

49.    Within ten (10) days after the Court's entry of an Approval Order, the Defendants shall pay ten thousand dollars ($10,000.00) of the Gross Settlement Fund to the Claims Administrator towards its costs of administering the Settlement. This payment shall be credited against the Claims Administrator payment referenced in paragraph 47 above.

50.    The Parties shall direct the Claims Administrator to withhold each employee's share of taxes on the wage portions and to remit said taxes, with the employer's share of payroll taxes, to the appropriate taxing authorities as required by law. The Claims Administrator shall issue tax reporting forms (*e.g.*, W-2 and 1099) to the payees as required by law.

51.    Distribution Class Members shall have one hundred eighty (180) days after delivery of the checks to cash their checks. If any Distribution Class Members do not endorse the release

language and cash their checks within one hundred eighty (180) days after delivery and their check is not returned, their checks shall be void and the Claims Administrator shall place a stop-payment order on such checks. The Claims Administrator shall make reasonable efforts to locate any Class Members who have not cashed his or her checks after one hundred (100) days to remind such Class Members to cash their checks. The Claims Administrator may issue replacement checks if it locates a Class Member. If a Class Member's check still is not cashed within the one hundred eighty (180) days referenced in this paragraph, those Class Members shall be deemed to have waived irrevocably any right in or claim to an Available Settlement Share, but the Settlement Agreement and release contained herein shall nevertheless be binding upon them. The amounts of the uncashed checks will remain with the Claims Administrator to satisfy the claims of Future Claimants as described herein. After the time for Future Claimants to submit claims has expired any amount remaining with the Claims Administrator will be refunded to Defendant.

## MUTUAL FULL COOPERATION

52. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defendants' Counsel, take all necessary steps to secure the Court's approval of this Settlement.

## ENFORCEMENT ACTIONS

53. This Settlement Agreement is fully enforceable in the Court. The Parties consent to the jurisdiction of the Court to enforce the Settlement.

## NOTICES

54. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follows:

To the Plaintiffs and Distribution Settlement Classes:

> David J. Fish, Esq.
> John Kunze, Esq.
> Fish Potter Bolaños, P.C.
> 200 E. 5th Avenue, Suite 123
> Naperville, IL 60563

14

>To the Defendants:
>
>D. Christopher Lauderdale, Esq.
>T. Chase Samples, Esq.
>JACKSON LEWIS P.C.
>15 South Main Street, Suite 700
>Greenville, SC 29601

## CONSTRUCTION

55. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

## CAPTIONS AND INTERPRETATIONS

56. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

57. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

58. This Settlement Agreement and its attachments, including the executed Agreement and General Release by Plaintiff Kilbane in the form attached hereto, and the Claim Form constitute the entire agreement between the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement. No rights hereunder may be waived except in writing.

## BINDING SCOPE; NO PRIOR ASSIGNMENTS

59. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY

60. It is agreed that, because the Distribution Class Members are so numerous, it is impossible or impractical and not required to have each Distribution Class Member execute this Settlement Agreement. The Notice and Claim Form, Exhibit 4 to the Parties' Joint Motion for Settlement Approval, shall advise all Distribution Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Distribution Class Member.

61. The signatories hereby represent that as Class Counsel they have fully explained the Settlement to Plaintiff Kilbane, provided him with a copy of the Settlement Agreement, obtained the knowing and voluntary agreement of Plaintiff Kilbane to the Settlement, and are fully authorized by Plaintiff Kilbane to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

62. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

## PUBLICITY

63. Named Plaintiffs and Class Counsel agree to limit any media comments or publications to "The matter has been resolved." The inclusion of this provision in the agreement is subject to the Court ruling that the provision is not contrary to public policy or otherwise legally improper. If the Court concludes this provision is improper, the provision shall be deleted from the Settlement Agreement and such deletion shall not affect the validity of the remainder of the Agreement.

## COUNTERPARTS

64. This Settlement Agreement may be executed in one or more counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

## GOVERNING LAW

65. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Illinois and the United States of America, where applicable.

Agreed this 28th day of October, 2022.

| For Defendants: | For Plaintiffs: |

16

| | |
|---|---|
| /s/ Thomas Chase Samples<br><br>Jeffrey L. Rudd<br>150 North Michigan Avenue<br>Suite 2500<br>Chicago, IL 60601<br>Telephone: (312) 803-2547<br>Facsimile: (312) 787-4995<br>Email: Jeffrey.Rudd@jacksonlewis.com<br><br>D. Christopher Lauderdale (SC Fed. Bar No. 9051)<br>Thomas Chase Samples (SC Fed. Bar No. 10824)<br>15 South Main Street, Suite 700<br>Greenville, South Carolina 29601<br>Telephone: 864-232-7000<br>Facsimile: 864-235-1381<br>Email: lauderdc@jacksonlewis.com<br>       chase.samples@jacksonlewis.com | /s/ John Kunze<br><br>David J. Fish, Esq.<br>John Kunze, Esq.<br>Fish Potter Bolaños, P.C.<br>200 E. 5th Avenue, Suite 123<br>Naperville, IL 60563<br>(630)355-7590 Office<br>(331) 425-7087 Direct<br>(630) 778-0400 Facsimile<br>Email: dfish@fishlawfirm.com<br>       kunze@fishlawfirm.com |

4874-5045-9704, v. 2