IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WINKING, SUMMER HOLLIS, and JAMES KILBANE, on behalf of themselves and all other plaintiffs similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SMITHFIELD FRESH MEATS CORP., and SMITHFIELD DISTRIBUTION, LLC,<br><br>　　　　　　　Defendants. | Case No.: 1:22-cv-01937<br><br>Hon. Judge Charles P. Kocoras<br><br>Mag. Judge Sunil R. Harjani |

**ORDER APPROVING SETTLEMENT,
SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS**

The above-entitled matter came before the Court on Plaintiff James Kilbane's Motion for Approval of Collective Action Settlement with Smithfield Distribution, LLC ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval the Court orders as follows:

**The Settlement Is Approved**

1. The Court approves and incorporates by reference all of the definitions contained in the Settlement Agreement and Release ("Agreement").

2. The Court approves the $180,000 settlement as a fair and reasonable resolution of a bona fide dispute. Courts approve Fair Labor Standards Act ("FLSA") settlements when they are reached as a result of arm's-length negotiations to resolve bona fide disputes. *See Beckman v. KeyBank*, N.A., 293 F.R.D. 467, 474 (S.D.N.Y. 2013) (citing cases); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Fosbinder-Bittorf v. SSM*

1

*Health Care of Wis., Inc.*, No. 11 Civ. 592, 2013 WL 5745102, at *1 (W.D. Wis. Oct. 23, 2013); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *Butler v. Am. Cable & Telephone, LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354; *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014). "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979).

3.  Here, the settlement meets the standard for approval. The settlement was the result of investigation and substantial arm's-length negotiations over disputed issues between counsel well versed in wage and hour law. The settlement amount of $180,000.00 provides significant compensation to Collective Members. The gross settlement awards represent the recovery of over 100% percent of alleged overtime wages that Distribution Class Members could obtain if they were to pursue and win this litigation on the merits. This is a fair and reasonable result in light of the risk that Plaintiff could fail to maintain this case as a collective action proceeding. And the result is matched by a release that is limited to federal and state wage claims. Those who do not join the Settlement by submitting Claim Forms will not be bound by the release.

**The Settlement Procedure Is Approved**

4.  The settlement approval process is appropriate for this FLSA overtime collective action. *See, e.g.*, *Furman v. At Home Stores LLC*, No. 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017); *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Castillo v. Noodles & Co.*, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016); *Prena v. BMO Fin. Corp.*, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015). Collective actions under

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), require workers to affirmatively opt-in to the litigation, unlike the opt-out procedure in Rule 23 class actions, and thus do not implicate due process concerns. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013). Under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date." *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Thus, courts do not apply the exacting standards for approval of a class action settlement under Rule 23 to FLSA settlements. *See, e.g., Beckman v. KeyBank*, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013). There is no need to require that the settlement provide for opt-outs or objections where individuals are not part of the settlement unless they decide to participate in it. *See Prena*, 2015 WL 2344949, at *1.

5. The Court approves the procedure outlined in the Agreement for the claims of Future Claimants. To the extent that any Distribution Class Member comes forward after the opt-in period has closed and up to January 31, 2024, and asserts a claim within the scope of the Agreement, such Distribution Class Member's Available Settlement Share shall be paid as stated in the Agreement.

5. The Settlement Notice attached to the Agreement as Exhibit 3 is approved. The Settlement Notice sufficiently informs Distribution Class Members of the terms of the settlement, including how they may participate, the estimated amount to which they are entitled under the allocation formula, the scope of the release, and the attorneys' fee award. *See Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Zolkos v.*

*Scriptfleet, Inc.*, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (same); *Tobin v. Beer Capitol Distributing Inc.*, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same).

### The Service Award Is Approved

7. The service award of $5,000 to Plaintiff James Kilbane is approved. Courts award service payments to named plaintiffs to reward them for their time and effort spent recovering money on behalf of class or collective action members and the risks they incur by filing a lawsuit in their own name. *See, e.g., Espenscheid*, 688 F.3d at 876-77. In determining whether a service award is reasonable, courts consider: "(1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012). Plaintiff's request for a $5,000 Service Award is more than reasonable given that his effort and actions resulted in the recovery of wages for all participating Distribution Class Members. Plaintiff made this recovery possible by assisting Plaintiffs' Counsel in investigating the claims in this case, preparing for and attending the mediation, and filing this lawsuit in his own name. Courts in the Northern District of Illinois routinely award larger service payments to named plaintiffs who perform similar actions to recover settlement funds on behalf of similarly situated employees in collective actions. *Furman*, 2017 WL 1730995, at *3 (approving $10,000 service award to named plaintiff in overtime collective action); *Briggs*, 2016 WL 7018566, at *2 (approving $12,500 service awards to named plaintiff in overtime collective action); *Castillo*, 2016 WL 7451626, at *2 (approving $10,000 service awards to named plaintiff in overtime collective action); *Koszyk*, 2016 WL 5109196, at *2 (same).

### Fees and Costs of the Settlement Administrator and Attorneys Are Approved

8.     The Court approves appointment of Analytics, LLC as the Settlement Administrator and approves its fees and costs from the Gross Settlement Amount of $17,676.00 to administer the settlement.

9.     The Court grants Plaintiffs' Counsel's request for one-third of the $180,000 Gross Settlement Amount ($60,000) as reasonable attorneys' fees.

10.     Courts in the Northern District of Illinois routinely approve one-third of the settlement fund as attorneys' fees in FLSA collective actions. *See, e.g., Castillo*, 2016 WL 7451626, at *3-4 (awarding one-third of a $3,000,000 settlement fund in FLSA overtime action); *Furman*, 2017 WL 1730995, at *3-4 (awarding one-third of $990,000 settlement fund in FLSA overtime action); *Briggs*, 2016 WL 7018566, at *3-4 (awarding one-third of $2,000,000 settlement fund in FLSA overtime action); *Koszyk*, 2016 WL 5109196, at *3-4 (awarding one-third of $2,825,000 settlement fund in FLSA overtime case). The Seventh Circuit has instructed district courts to award attorneys' fees that approximate the market rate. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001), One-third of the total settlement fund is consistent with market rate in the Northern District of Illinois charged by experienced plaintiffs' counsel in contingent-fee wage and hour class and collective actions. *Castillo*, 2016 WL 7451626, at *3-4; *Furman*, 2017 WL 1730995, at *3-4; *Briggs*, 2016 WL 7018566, at *3-4; *Koszyk*, 2016 WL 5109196, at *3-4.

11.     Here, Plaintiffs' Counsel entered into a contingent fee agreement with Plaintiff that provides for a recovery of attorneys' fees equal to forty percent of the settlement fund. This further reinforces the appropriateness of the one-third fee award, *In re Synthroid*, 264 F.3d at 718, 720, because the Plaintiff contracted for Plaintiffs' Counsel to be compensated in amount

greater than attorney's fees that Plaintiffs' Counsel now seek. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 844-45 (N.D. Ill. 2015).

12. Likewise, the excellent result Plaintiffs' Counsel achieved in this case supports the requested fee. The settlement provides for gross settlement payments to Distribution Class Members that represent approximately over 100% percent of their potential damages. This is a fair and reasonable result. *Viceral v. Mistras Group, Inc.*, 2016 WL 5907869, at *7-8 (N.D. Cal. Oct. 11, 2016) (in class action for owed wages, settlement payment equal to 11.6% and 5.2% of estimated value of state and federal claims, respectively, fair and reasonable in light of strength and variability of claims and risk on merits.); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010) (finding that a recovery of one-third of the owed wages for class members, before deducting attorneys' fees and costs, is "well above" average). And the early resolution Plaintiffs' Counsel obtained means Distribution Class Members were not required to wait for years of litigation to elapse before receiving their payments. *Beckman*, 293 F.R.D. at 474 (citing cases on the benefits of early resolution). Finally, Distribution Class Members obtain these substantial settlement payments in exchange for executing a limited release of their wage claims. *See Ramah Navajo Chapter v. Babbitt,* 50 F. Supp. 2d 1091, 1103-04 (D.N.M. 1999) (absence of overly broad release supports fee award).

13. While this Court has discretion to award fees based on an hourly loadstar instead of as a percentage of the settlement fund,the Court finds that the percentage method is appropriate here because Plaintiffs' Counsel accomplished what that method incentivizes: early resolution of the case without wasteful litigation to increase loadstar hours. *See In re Synthroid Mktg. Litig.*, 325 F.3d at 979-80.[2]

14. The Court approves Plaintiffs' Counsel's request for reimbursement of $ 642.51 as costs in actual out-of-pocket expenses incurred in prosecuting this case including the filing fee, postage, and copying costs. The Court finds these costs are reasonably incurred and are regularly awarded by courts in the Northern District of Illinois. *See, e.g., Castillo*, 2016 WL 7451626, at *3-4; *Furman*, 2017 WL 1730995, at *3-4; *Briggs*, 2016 WL 7018566, at *3-4; *Koszyk*, 2016 WL 5109196, at *3-4.

**Dismissal**

15. The Claims against Defendant Smithfield Distribution, LLC are dismissed without prejudice, with leave to reinstate on or before 180 days after the first Settlement Notices are sent pursuant to the terms of the Agreement. In the event a motion to reinstate is not filed on or before 180 days after the first Settlement Notices are sent, the claims against Smithfield Distribution LLC shall be deemed, without further order of the Court, to be dismissed with prejudice.

16. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Agreement, including for overseeing the distribution of settlement funds.

17. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 4th day of November, 2022

_____
Hon. Charles P. Kocoras
United States District Court Judge