IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WINKING, SUMMER HOLLIS, and JAMES KILBANE on behalf of themselves and all other plaintiffs similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SMITHFIELD FRESH MEATS CORP. and SMITHFIELD DISTRIBUTION LLC <br><br> Defendants. | Case No.: 22-CV-01937 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION**

Plaintiffs, for this Reply in Support of Plaintiffs' Motion for Conditional Certification state as follows:

## I. INTRODUCTION

Plaintiffs seek to represent a collective of current and former employees who have not settled their claims against Smithfield Fresh Meats Corp.[1] Plaintiffs' motion should be granted, as it establishes all criteria necessary for conditional certification. The *Canas* settlement has no legal effect on Plaintiffs FLSA claims, nor their ability to seek a collective in this matter. Potential collective members only had an opportunity to join *Canas* in settling their FLSA claims, there was never notice given to join any *Canas* collective to litigate their claims. Defendant's arguments in response are almost entirely outside of the relevant factors courts must consider when determining whether to conditionally certify a collective action, and therefore must be rejected.

---

[1] Claims against Smithfield Distribution LLC by James Kilbane have been settled on a collective basis, as such, Plaintiffs' motion only seeks conditional certification of the remaining Plaintiffs against the remaining Defendant.

## II. ARGUMENT

1. **All Requirements For Conditional Certification Are Met.**

Defendant does not deny that all requirements for conditional certification are met. Instead, Defendant spends its response briefing discussing the *Canas* settlement. Defendant ignores that conditional certification was granted in *Canas* **for settlement purposes only.** Pursuant to Judge Blakey's March 25, 2021 preliminary approval order: "The Court conditionally certifies the following class for settlement purposes only pursuant to 29 U.S.C. § 216(b): …". *Canas* Doc. # 44 attached as Exhibit 1. There was never an opportunity to join the *Canas* FLSA collective outside of collective members settling their claims. As such, Defendant improperly uses this settlement certification to attempt to defeat Plaintiff's motion.

Defendant cannot and does not argue that Plaintiffs cannot meet the standards of conditional certification under the FLSA. Plaintiffs have made the "modest factual showing" necessary that Plaintiff is similarly situated to other employees, in that they were subject to Defendant's company-wide, FLSA-violating policies and practices of miscalculating the overtime rate of pay. Plaintiffs' complaint included a paystub evidencing these policies and practices.

Notably, the collective sought here are not the collective members that joined *Canas.* As Judge Blakey noted in his order denying consolidation with *Canas*: "The *Winking* collective specifically excluded 'any persons who joined the FLSA settlement collective in *Canas* … Thus, although the [collectives] are similarly defined, by definition, no members of the [collective] in this suit are member of the [collective] in Winking." See *Canas* Minute Entry Document # 89 attached as Exhibit 2. Immediate notice is necessary for potential collective members to preserve their claims against Defendant. Moreover, potential collective members' claims should be tolled from the date of Plaintiff's filing of this conditional certification motion, as the delay in this matter was due to a stay caused by Defendant's failed attempts to consolidate this case with *Canas*.

**2. The FLSA Contemplates Multiple Collectives and Defendant Produces No Support That a Prior Settled FLSA Collective Preempts Conditional Certification.**

The FLSA contemplates multiple collectives. See *Garcia v. Salamanca Grp. Ltd.* 2008 WL 818532, at *2 (N.D. Ill. Mar. 24, 2008) J. Lefkow presiding: ("A person who does not opt-in is not part of the FLSA collective action and is not bound by the court's decision.") *citing Gambo v. Lucent Techs., Inc.,* 2005 WL 354285, at *3 (N.D. Ill Dec. 22, 2005); see also: *Brown v. United Furniture Industries, Inc.* 2015 WL 1457265, at *3(N.D. MS March 30, 2015) (granting preliminary certification and denying *res judicata* argument because '[T]he FLSA imposes no limitation on the number of collective actions that may be advanced to remedy the same alleged violations' and 'Plaintiffs here did not opt into *Carothers,* they cannot have been parties to the action'"); *Kampfer v. Fifth Third Bank,* 2016 WL 1110257, at *2 -3 (N.D. OH March 22, 2016) (granting preliminary certification because 'the language of Section 216(b) does not expressly prohibit a second collective action' and 'the deadline for opting into the *Stallard* case had passed when [plaintiff] filed her case here'); *Akins v. Worley Catastrophe Response, LLC,* 921 F. Supp. 2d 593, 598 (E.D. LA Feb. 4, 2013) (denying motion to dismiss and noting "Had Congress wished to limit the number of collective actions that could be brought against an employer, it could have said that only "one action to recover" may be maintained on behalf of a group of employees.")

Defendant cites to numerous cases but not one supports its proposition that a prior FLSA settlement should prevent conditional certification:

- *Copello v. Boehringer Ingelheim Pharm., Inc*., 812 F. Supp. 2d 886 (N.D. Ill. Aug. 2, 2011), conditional certification denied because plaintiff opted-into a prior duplicative suit and a separation agreement prohibited plaintiff from leading or participating in any FLSA actions. Here, Plaintiffs did not opt-into *Canas* and there is no similar agreement.

- *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404-05 (E.D.N.Y. 2013); *LaFleur v. Dollar Tree Stores, Inc.,* No. 12-CV-363, 2012 U.S. Dist. LEXIS 143514 (E.D. Va. Oct. 2, 2012); *Medina v. Bros. Behrman Hwy., Inc.,* No. 13-4831, 2015 U.S. Dist. LEXIS 80874 (E.D. La. Jun. 12, 2015); *Abushalieh v. Am. Eagle Express, Inc.,* 716 F. Supp. 2d 361 (D.N.J. 2010); *Benavides v. Home Depot USA, Inc.,* 2006 U.S. Dist. LEXIS 31661 S.D. Tex. May 19, 2006);

3

all deal with dismissal under the first to file rule, which is inapplicable here because *Canas* has been settled and disposed of. Here, *Canas* was settled early on, there was little litigation beyond settlement approval. There is no ongoing first filed case, so there is no unfairness in litigating this case.

- *Hoffmann-La Roche v. Sperling,* 493 U.S. 165, 170-72 (1989) is completely inapplicable as it does not concern conditional certification under the FLSA, rather, a class action under the Age Discrimination Act. Moreover, it does not involve certification of a class, rather, it is about judicial intervention in the notice process. *Id.* at 484.

- *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998), also does not concern FLSA collective conditional certification. Instead, it involves the stay of a parallel state securities fraud class action as analyzed under the *Colorado River* doctrine. Here, the *Colorado River* doctrine was not raised and is inapplicable as there is no parallel state action.

- *Goff v. Menke,* 672 F.2d 702 (8th Cir. 1982) is inapplicable as it does not involve FLSA conditional certification and instead involves *res judicata* when plaintiff was a class member of prior class action.

- *Becker v. Schenley Indus., Inc.,* 557 F.2d 346, 348 (2d Cir. 1977), does not involve FLSA conditional certification, and denied class certification in a shareholder action when another ongoing class action existed and the district court's decision was to avoid undue burden and avoid inconsistent results. *Id.* at 348. Here, *Canas* was settled, there is no undue burden to litigate this case and there is no possibility of inconsistent results.

- *McLeod v. Just Energy Mktg. Corp.,* No. 1:15-CV-00368, 2015 U.S. Dist. LEXIS 82685, (N.D. Ohio June 25, 2015) is inapplicable because that involves an ongoing parallel FLSA action, which is not present here – *Canas* was settled before the Plaintiffs here filed any claim and *Canas* is closed, as confirmed in Judge Blakey's order denying reassignment of this matter.

- *Alvarez v. Gold Belt, LLC*, 2011 U.S. Dist. LEXIS 38034 (D.N.J. Apr. 7, 2011) is inappropriate as it denied conditional certification while another court was considering conditional certification on a parallel case. Here, *Canas* was certified for settlement purposes only and the *Canas* court refused to consolidate these cases, as such there is no parallel ongoing action.

- *Schucker v. Flowers Foods, Inc.,* No. 16-cv-3439 (KMK), 2017 U.S. Dist. LEXIS 136178, (S.D.N.Y. Aug. 24, 2017) denied conditional certification when conditional certification was already granted in an ongoing parallel case and another 3rd parallel case was denied conditional certification for the same reason. Here, *Canas* granted conditional certification for settlement purposes only and is no longer ongoing.

- *Zulewski v. Hershey Co.,* No. C11-5117 BZ, 2012 U.S. Dist. LEXIS 49082 (N.D. Cal. Apr. 6, 2012) involved a prior certification of a parallel action however, here, *Canas* was certified only for settlement purposes. Despite Defendant asserting that the *Zulewski* court "refused a request to distribute duplicative notice," this characterization is untrue. The court in *Zulewski* granted conditional certification and notice to several classes of employees including "those who received notice, did not opt-in, but continued their employment with Hershey." *Id.*

4

On the contrary, directly on point is *Brown,* 2015 WL 1457265. The defendants in *Brown* insisted that certification of an FLSA collective should be barred by a prior FLSA collective settlement and that court rejected that defendant's *res judicata* argument stating: "the Plaintiffs here did not opt into Carothers, they cannot have been parties to the action, regardless of what the terms of the parties' agreement may indicate." *Id.* at *3. Similarly, *Kampfer v. Fifth Third Bank,* 2016 WL 1110257 involved attempts to deny conditional certification when there was an identical concluded prior FLSA case. That court concluded that conditional certification should proceed because the FLSA is "remedial and humanitarian in purpose" and "In the case before me, there is no competing litigation and the deadline for opting into the Stallard case had passed when Kampher filed her case here." *Id.* at *2-3. In *Akins,* 921 F. Supp. 2d 593 the court permitted a collective, as the plain language of the FLSA permits multiple collectives, the first action was concluded and settled, there was no other pending action, and "the opt-in provision of section [216] provides for no legal effect on those parties who choose not to participate." *Id.* at 601. Similar to these cited cases, the Plaintiffs here did not opt-into the *Canas* FLSA collective, *Canas* is concluded, and there is no pending parallel litigation. This Court should follow these lines of cases and approve conditional certification.

**3**. **There Are Thousands of Potential Collective Members Who Should Be Allowed to Join and Litigate.**

Unlike a class, those who did not join the *Canas* FLSA collective have not given up any rights. As Judge Blakey noted in a docket entry on September 8, 2021, the *Canas* settlement notice "generated just 8,913 claims, for a return rate of about 28%." Minute Entry Document # 49. Attached as Exhibit 3. This leaves thousands of potential collective members remaining. Plaintiffs believe that a return rate could greatly increase if the notices were sent in several other languages

5

spoken at Defendant's facilities. Notably, the *Canas* collective certification was for settlement purposes only, as such, those who did not choose to join simply did not agree to join the settlement. There was never a notice to potential *Canas* members that was outside the settlement context. Potential collective members should be allowed their day in Court to litigate their claims fully and collectively without their only remedy being to join a collective settlement.

      The *Canas* written notice was sent only directly sent in English via U.S. mail[2]. During administration of the *Canas* settlement, there was some difficulty communicating with class and collective members in English. Indeed, a CDC memorandum investigating Smithfield Foods in 2020 found that Smithfield management "expressed that communicating messages to their diverse staff presented challenges due to the number of diverse staff." See CDC Memorandum attached as Exhibit 4, p. 4[3]. In fact, "plant management reported there were approximately 40 different languages spoken by employees in the plant and that English, Spanish, Kunama, Swahili, Nepali, Tigrinya, Amharic, French, Oromo, and Vietnamese are the top 10 languages". *Id.* p. 2. The CDC noted that informational flyers at Smithfield were "translated into several languages" and the use an electronic application that allowed management to "mass-communicate with employees in a language of their choice". *Id.* p.9 Further, the CDC recommended Smithfield develop training materials in multiple languages. *Id.* p. 13. The same approach should be taken with collective notice, an employee of Smithfield should not be deprived of learning about an overtime lawsuit because they do not speak or read English. Had Defendant informed the *Canas* Plaintiff's counsel or court of the difficulties communicating with employees in English, alternative methods of notice could have been used that likely would have

---

[2] A Spanish-language version of the administrator's settlement website was available for collective members to view court pleadings and submit claim forms electronically.
[3] https://covid.sd.gov/docs/smithfield_recs.pdf  last visited April, 24, 2023

increased participation. In light of the information contained in the CDC report, Plaintiffs believe that higher participation could have occurred if Defendant brought these issues to light.

### 4. **Allegations of Gamesmanship Are Inappropriate.**

Defendant mischaracterizes Plaintiffs' motivations and warns of "gamesmanship." This is false. While Plaintiffs received awards for their state law claims, Defendant fails to report that the Illinois state claims class was a claim-free class settlement; Illinois class members did not need to opt-in to join the IMWL class settlement. Rather, Plaintiffs became members by never opting out of the Class settlement. Plaintiffs simply did nothing when they received notice of the *Canas* settlement and did not opt-in to the FLSA collective and did not opt-out of the IMWL collective. "Do Nothing" was something potential collective members were specifically informed they had a right to do, as is explicitly stated in the *Canas* notice, which opposing counsel helped draft. See *Canas* #42-5 Attached as Exhibit 5:

> 2. Do Nothing.
> If you do nothing, you will not receive any portion of the Federal Payment. However, you will receive your Illinois Payment and will be releasing Smithfield from your Illinois wage claims.

To paint Plaintiffs' motivations as gamesmanship, when they simply followed what they were told they can do, is improper. Conditional certification would not "sanction" nor "incentivize" duplicative litigation, especially in light of thousands who did not join the *Canas* settlement, it would simply allow potential collective members an opportunity to join the collective litigation.

### 5. **The Illinois Release Does Not Create Unique Defenses**

Those that did not opt-out of the Illinois Class Settlement in *Canas* released their claims under the IMWL and related state claims. They explicitly did not release their claims under the FLSA. Non-participation in the FLSA portion of *Canas* did nothing to affect their legal rights. Moreover, the *Canas* notice that Defendant assisted in drafting and was approved clearly explains

to potential collective members that their rights will only be affected in relation to their Federal claims if they submitted an FLSA claim form. Additionally, as explained in the *Canas* motion for final settlement approval, which Defendant did not oppose:

> Those potential FLSA Collective Members who did not timely submit executed claim forms are not FLSA Collective Members and will not receive settlement awards. Since they are not Collective Members, they will not be releasing Defendants from any FLSA claims or causes of action. No Illinois Class Member has omitted themselves from this Settlement. Any Illinois Class Members that submitted executed claim forms are also considered FLSA Collective Members, and those who did not submit claim forms remain Illinois Class Members but have not become FLSA Collective Members.
> …
> The Settlement Award checks for those members who are only part of the Illinois Class shall contain the following language: "I agree to all terms of the Settlement Agreement and Release in Canas, et al. v. Smithfield Packaged Meats Corp., et al., and waive any right to bring suit for wages under Illinois law as stated therein."
>
> *Canas* Doc. # 46, p.5 attached as Exhibit 6.

Participation in the IMWL class does not create a defense of payment or accord and satisfaction, as those that did not participate in the FLSA collective received no payment for their FLSA claim, including but not limited to liquidated damages uniquely provided by the FLSA. Plaintiffs and the potential collective members' claims are not totally set off, as Defendant infers. Indeed, Defendant gives no support for the idea that participation in a state wage settlement, which explicitly excluded FLSA claims, somehow created defenses against FLSA claims. Such defenses, if brought, are frivolous and should be stricken.

**6. Judicial Economy Is Not Implicated by Conditional Certification.**

The Court in *Canas* already rejected the notion that judicial economy was at stake when it rejected Defendant's attempt to consolidate the cases. As Judge Blakey noted, *Canas* "has been resolved and individual employees either are or are not bound at this point" and those that are not bound "*simply cannot be hamstrung* by the settlement this Court approved" and "[a]s a result, the Court will be *required to consider those claims anew*." [emphasis added] See Exhibit 2.

8

The Settlement in *Canas* was reached on February 4, 2021.This was less than 6 months after the *Canas* plaintiffs filed their complaint on August 21, 2020. There was no briefing on any issue besides settlement approval. There is no risk of duplicative litigation, as *Canas* was swiftly settled and barely litigated. Similarly, there is no risk of opposing judicial decisions, as *Canas* has been entirely dismissed. Judicial economy is not serviced by denying conditional certification.

**7. Prior Settlements By Others Should Not Preclude Conditional Certification.**

Defendant fails to understand that the potential collective members in *Canas* were only given notice of an opportunity to join the collective settlement. There was no notice to join the litigation outside of agreeing to settle their claims. Instead, Defendant speculates that there is "no reason to believe" a collective member would choose to opt-into this litigation when they did not opt-into the prior settlement. Choosing to join litigation and choosing to join in a settlement are two entirely different things. In any event, there are a myriad of reasons somebody would not choose to join the *Canas* settlement. Perhaps they did not agree to the settlement terms, or they did not want to be bound by the FLSA release, or they believed their claim was worth more than what was being offered, or they were still employed by Defendant at that time and did not want to appear disloyal. Potential collective members should not lose their opportunity to join this litigation simply because they chose not to settle their claims and, importantly, a prior settlement wherein none of the potential collective members waived their claims is not one of the factors courts are to consider when deciding whether to conditionally certify a collective action.

Defendant attempts to deprive thousands of employees of joining in this FLSA litigation because employees previously chose not to settle their FLSA claims in *Canas*. This directly opposes Supreme Court explanations that the FLSA is "remedial and humanitarian in purpose". *Tenn. Coal, Iron & R. Co., v. Muscoda Local No. 123,* 64 S.Ct. 698, 703 (1944). The FLSA is "not here dealing with mere chattels or articles of trade but with the rights of those who toil, of

those who sacrifice a full measure of their freedom and talents to the use and profits of others" *Id.* This Court should follow the Supreme Court's guidance and permit employees to receive notice to join this litigation.

### III. CONCLUSION

The Court should grant Plaintiffs' motion for conditional certification. Potential collective members should not be burdened by their decision not to settle their claims in *Canas* and should be allowed to receive notice of this lawsuit and be given the opportunity to litigate their claims.

Dated: April 28, 2022

Respectfully Submitted,

By: _____/s/ John Kunze_____
One of Plaintiffs' Attorneys

David Fish
Patrick Cowles
John Kunze
Fish Potter Bolaños, P.C.
200 E 5th Ave Suite 115
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that a true and correct copy of the foregoing was filed with the Court's CM/ECF filing system on April 28, 2023, which will serve a copy on all counsel of record.

                 /s/ John Kunze
                  One of the Attorneys for Plaintiffs