# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS CANAS and VANESSA MESCHINO, on behalf of themselves and all other plaintiffs similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SMITHFIELD PACKAGED MEATS CORP., SMITHFIELD FRESH MEATS CORP., AND KANSAS CITY SAUSAGE COMPANY, LLC. <br><br> Defendants. | Case No.: 1:20-cv-04937 <br><br> Hon. Judge John Robert Blakey |

## **PRELIMINARY APPROVAL ORDER**

The parties have moved for an order, preliminarily approving a class action settlement under Fed. R. Civ. P. 23(e) and conditionally certifying a collective action for settlement purposes under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). The Parties' Settlement Agreement and Release (the "Settlement Agreement"), together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed collective and class settlement of the claims against Defendants. The Court has read and considered the Settlement Agreement and the exhibits annexed thereto. IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the settlement set forth in the Settlement Agreement as being fair, reasonable and adequate, and in the best

interest of Plaintiffs and those persons who are identified as FLSA Class Members and Illinois Class Members in the Settlement Agreement (collectively, the "Class Members").

2. The Court certifies the following class pursuant to Fed. R. Civ. P. 23 for settlement purposes only: Named Plaintiffs and all current and former non-exempt employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Company, LLC who worked in Illinois anytime between April 1, 2020 and October 31, 2020, and received at least one Responsibility Bonus payment (as described in the Second Amended Complaint) between April 1, 2020 and October 31, 2020, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate. The Court conditionally certifies the following class for settlement purposes only pursuant to 29 U.S.C. § 216(b): Named Plaintiffs and all current and former non-exempt employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., or Kansas City Sausage Company, LLC who worked anywhere in the U.S., including Illinois, anytime between April 1, 2020 and October 31, 2020, and received at least one Responsibility Bonus payment (as described in the Second Amended Complaint) between April 1, 2020 and October 31, 2020, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate.

3. The Settlement Hearing shall be held before this Court at 11:00 a.m. on September 9, 2021, at the United States District Court, Northern District of Illinois,

2

219 South Dearborn Street, Chicago, IL 60604, to determine finally whether the proposed settlement of this litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class Members, and should be approved by the Court, and whether a Final Approval Order and Final Judgment of Dismissal should be entered. Plaintiffs shall file a motion seeking final approval and their request for attorney fees by August 25, 2021.

4. The Court approves, as to form and content, the parties' proposed Settlement Notices and Claim Form that are attached to the Settlement Agreement. The Court finds that mailing and distribution of the Settlement Notices as provided in the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all Class Members, complying fully with the requirements of the Constitution, Fed. R. Civ. P. 23, 29 U.S.C. § 216(b), and any other applicable laws.

5. Plaintiffs Douglas Canas and Vanessa Meschino are appointed as the representative Plaintiffs in this class and collective action for settlement purposes only.

6. The Fish Law Firm, P.C. is appointed as Class Counsel for the Class Members for settlement purposes only.

7. With regard to distribution of the Settlement Notice, Class Counsel and Defendants are hereby directed and authorized to effectuate notice as called for in the Settlement Agreement, and Defendants shall provide to Class Counsel and the Claims Administrator the information provided for in the Settlement Agreement by

3

the deadlines required therein. The Court authorizes the utilization of a Claims Administrator as called for in the parties' Settlement Agreement.

8. Any Class Member wishing to oppose or contest the approval of the Settlement Agreement, or the judgment to be entered thereon if the same is approved, must comply with the procedures set forth in the Notice. Any Class Member who has served and filed an objection as set forth therein may appear at the Settlement Hearing and show cause to the Court, if he or she has any, why the proposed settlement of this litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon. Any Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement. The date by when any objections to the Settlement must be made is set for 90 days from the date of Notice mailing. And the date by which FLSA Class Members must submit a claim and Illinois Class Members may submit a request for exclusion is set 90 days from the date of Notice mailing.

9. Motion for final approval of Settlement to be filed by August 25, 2021.

IT IS SO ORDERED this 25 day of March, 2021

UNITED STATES DISTRICT JUDGE

JOHN ROBERT BLAKEY