IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WINKING, SUMMER HOLLIS, and JAMES KILBANE, on behalf of themselves and all other plaintiffs similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:22-cv-01937 |
| v. | ) ) ) |
| SMITHFIELD FRESH MEATS CORP., and SMITHFIELD DISTRIBUTION, LLC, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Defendants Smithfield Fresh Meats Corp. ("Fresh Meats") and Smithfield Distribution, LLC ("Distribution")[1], through their undersigned counsel, respectfully submit this Sur-Reply to respond to entirely new arguments and a request for tolling authority that the Court does not have in Plaintiffs' Reply in Support of Motion for Conditional Certification. (ECF No. 43.)

As explained below, Plaintiffs' Reply brief:

1) Asserts for the first time the arguments that the *Canas* opt-in rate and method of notice were inadequate, which directly contradicts Plaintiffs' Counsel's statements to the Court in *Canas*;

---

[1] Plaintiffs confirmed in their Reply brief that claims against Smithfield Distribution, LLC by James Kilbane have been settled on a collective basis, and therefore, Plaintiffs' Motion seeks conditional certification of only the remaining Plaintiffs against Smithfield Fresh Meats Corp. In this Sur-Reply, "Defendant" refers specifically to Smithfield Fresh Meats Corp.

1

2) Asserts for the first time that putative collective members' claims should be tolled from the date of Plaintiffs' Motion for Conditional Certification;

3) Fails to cite any authority that would support such tolling because it would result in an end-run around the statutory requirement that Plaintiffs must demonstrate willfulness to be entitled to a statute of limitations greater than two years under the Fair Labor Standards Act ("FLSA"), and the Court cannot extend the limitations period beyond a two-year limitations period absent a finding of willfulness per express statutory language.[2]

Plaintiffs have failed to engage with Defendants' arguments against sending a second notice, which highlights the unprecedented nature of the relief Plaintiffs are seeking and is reason alone to deny Plaintiffs' Motion. Instead, Plaintiffs have pivoted and now argue – for the first time – that putative collective members' claims should be tolled from the date of Plaintiffs' Motion for Conditional Certification filing, as well as claims that the *Canas* opt-in rate and notice method were insufficient. (ECF No. 43 at 2.) The Court should not permit Plaintiffs to raise these new arguments at this stage of the proceedings and should deny Plaintiffs' Motion in its entirety.

### A. Plaintiffs' New Arguments That the *Canas* Opt-In Rate and Method of Notice Were Inadequate Contradict Plaintiffs' Counsel's Statements to the Court and Are Unfounded.

Plaintiffs' Reply raises for the first time their contradictory claim that the *Canas* opt-in rate was inadequate, and that the method of notice played a role in yielding the allegedly inadequate opt-in rate. Plaintiffs failed to raise this argument in their Motion for Conditional Certification and

---

[2] A two-year statute of limitations period applies here as Plaintiffs have not argued or demonstrated otherwise. The last alleged FLSA violation at issue occurred in October 2020—more than two years ago.

the Court should not consider it now because it was improperly asserted for the first time in Plaintiffs' Reply brief.

Plaintiffs surprisingly state in their Reply brief, "As Judge Blakey noted in a docket entry on September 8, 2021, the *Canas* settlement notice 'generated just 8,913 claims, for a return rate of about 28%.' . . . This leaves thousands of potential collective members remaining." (ECF No. 43 at 5.) This assertion directly contradicts Plaintiffs' Counsel's representations to the Court in *Canas* as detailed in Defendants' Response in Opposition to Plaintiffs' Motion. (ECF No. 40 at 3-4.) Plaintiffs' claim that the *Canas* opt-in rate is apparently too low for their liking is shocking because Plaintiffs' Counsel accurately represented to the court that the opt-in rate in the *Canas* settlement was high, stating that an opt-in rate of "28% is on the high-end of opt-in rates in FLSA cases." (*Canas*, ECF No. 50 at 2.) Plaintiffs' Counsel further stated that FLSA class members "will receive gross settlement awards above their computed overtime damages" and that this represents "an excellent result for Class Members." (*Canas*, ECF No. 42 at 4, 13.) Thus, Plaintiffs' argument regarding the opt-in rate in *Canas* has not only been waived as it was asserted for the first time in their reply brief, but it directly contradicts statements their Counsel made to the *Canas* Court regarding the excellent results achieved for plaintiffs in the *Canas* action as such Plaintiffs should be judicially estopped from asserting a contradictory position now.[3]

Plaintiffs also improperly raise for the first time in their reply brief the argument that the method of notice in *Canas* was not to their liking despite their involvement in drafting the notice

---

[3] The Seventh Circuit recognizes that judicial estoppel is proper where "(i) [] the party's positions in the two litigations are clearly inconsistent; (ii) [] the party successfully persuaded a court to accept its earlier position; and (iii) [] the party would derive an unfair advantage if not judicially estopped." *Janusz v. City of Chicago*, 832 F.3d 770, 776 (7th Cir. 2016). Here, Plaintiffs' position is clearly inconsistent with their earlier representations regarding the excellent result in *Canas* that led this Court to approve that settlement. If Plaintiffs are not judicially estopped from taking a directly inconsistent approach in this litigation, Plaintiffs will be unfairly advantaged by having a

terms and agreeing to its distribution method. Plaintiffs baselessly assert, "The *Canas* written notice was [] only directly sent in English via U.S. mail. . . . an employee of Smithfield should not be deprived of learning about an overtime lawsuit because they do not speak or read English." (ECF No. 43 at 6.) The Court should not be persuaded by this untimely argument because prior to filing their Reply, Plaintiffs never contended that the prior *Canas* notice was inadequate in any way. (ECF No. 40 at 18-19.) In fact, Plaintiffs' Counsel praised the notice stating, "[T]here is a high level of confidence that the overwhelming majority of Class Members received notice through first class mail." *Canas*, ECF No. 46 at 4. This assertion should not be entertained by the Court because it is belied by Plaintiffs' Counsel representations in *Canas* and the form and method notice which they persuaded this Court to order in that case.

### B. Plaintiffs' New Argument That Putative Collective Members' Claims Should be Tolled from the Date of Plaintiffs' Motion Is Untimely and Unsupported.

As an initial matter, Plaintiffs raise for the first time their request that opt-in plaintiffs' claims be tolled from the date that Plaintiffs' Motion was filed, on July 7, 2022. Plaintiffs failed to raise this argument in their Motion for Conditional Certification and the Court should not consider it now because it was improperly asserted for the first time in Plaintiffs' Reply brief. In addition, Plaintiffs offer no legal support whatsoever regarding their untimely request that, "potential collective members' claims should be tolled from the date of Plaintiff's filing of this conditional certification motion." (ECF No. 43 at 2.) Defendant maintains that Plaintiffs cannot raise this tolling argument for the first time in their reply brief, and further, if the Court decides to consider this delayed argument, Defendant requests that it be provided a fair opportunity to adequately brief and respond to this issue.

---

duplicative notice sent out to thousands of individuals who previously had the chance to opt-in to the *Canas* settlement and receive a guaranteed payment and chose not to.

This Court has routinely held that it improper to raise new arguments for the first time in a reply brief when the argument could and should have been raised in a party's original brief. *See, e.g.*, *Dubin v. LaGrange Country Club*, 1997 U.S. Dist. LEXIS 18962, at *3 (N.D. Ill. Nov. 20, 1997) (J. Kocoras) ("It is well established that new arguments may not be raised for the first time in a reply brief. Rather, a party must state all of its reasons in support of a motion the first time around."); *Green v. Peters*, 2000 U.S. Dist. LEXIS 12500, at *17 (N.D. Ill. Aug. 24, 2000) (J. Kocoras) (compiling cases that stand for the proposition that reply briefs are an improper means for raising new arguments); *Lewis v. United States*, 2021 U.S. Dist. LEXIS 216556, at *22 (C.D. Ill. Nov. 9, 2021) ("New arguments may not be raised for the first time in a reply.") (citing *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012) ("arguments raised for the first time in a reply brief are deemed waived")).

Regardless, the Court cannot toll the limitations period beyond the statutory requirement of two years without a finding of a willful violation. *See* 29 U.S.C. § 255(a).[4] This result would ultimately constitute a judicial end-run around the issue of willfulness that Plaintiffs have failed to argue and would not be a proper determination by the Court at this time. *See Sylvester v. Wintrust Financial Corp.*, 2014 U.S. Dist. LEXIS 135907, at *2 (N.D. Ill. Sept. 26, 2014) (refusing to toll statute of limitations while motion for conditional certification was pending because "there is nothing extraordinary about a motion for conditional certification and the delay in notice while

---

[4] It is highly unlikely in the present case that Plaintiffs can establish willfulness. Notably, when Plaintiffs' Counsel sought approval of the *Canas* settlement, they represented the following to the court: "[H]ere, the Defendant[s] had strong arguments against class certification and had defenses that the [Responsibility Bonuses] were gifts or otherwise discretionary bonuses. The Defendants also have strong arguments against willfulness, as a Department of Labor investigator had already opined that the Responsibility Bonus did not have to be included in overtime pay." *See Canas*, ECF No. 46-5 ¶ 8. The basis of this representation was an investigation conducted by the DOL Wage and Hour Division ("WHD") into Defendants' Responsibility Bonus.

5

that motion is pending . . . [t]o hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one.").[5]

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' Response, Defendants respectfully request that Plaintiffs' Motion for Conditional Certification be denied in its entirety.

Respectfully submitted this 5th day of May, 2023.

/s/ *Jeffrey L. Rudd*
JACKSON LEWIS P.C.
Jeffrey L. Rudd
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Telephone: (312) 803-2547
Facsimile: (312) 787-4995
Email: Jeffrey.Rudd@jacksonlewis.com

D. Christopher Lauderdale (SC Fed. Bar No. 9051)
Thomas Chase Samples (SC Fed. Bar No. 10824)
15 South Main Street, Suite 700
Greenville, SC 29601
Telephone: (864) 232-7000
Facsimile: (864) 235-1381
Email: christopher.lauderdale@jacksonlewis.com
chase.samples@jacksonlewis.com
*ATTORNEYS FOR DEFENDANTS*

---

[5] Courts often reason that a precertification request for equitable tolling implicates too many contingences. That is, the court may decide not to conditionally certify the class, the defendant may decide not to raise a statute of limitations defense, or individuals may not opt-in to the class, in which case the court's equitable tolling decision would likely be an advisory opinion. *See, e.g.*, *Brashier v. Quincy Prop., LLC*, 2018 U.S. Dist. LEXIS 37708, at *8-9 (C.D. Ill. Mar. 7, 2018); *Davis v. Vanguard Home Care, LLC*, No. 16-CV-7277, 2016 U.S. Dist. LEXIS 167098, at *2 (N.D. Ill. Dec. 5, 2016); *Miller-Basinger v. Magnolia Health Sys., Inc.*, 2:15-cv-00089-WTL-DKL, 2016 U.S. Dist. LEXIS 20920, at *2 (S.D. Ind. Feb. 22, 2016) (finding it premature to toll the statute of limitations for potential plaintiffs before ruling on the motion for conditional certification).

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on May 5, 2023, he caused a true and correct copy of the foregoing ***DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION*** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

By: /s/ *Jeffrey L. Rudd*
Jeffrey L. Rudd