UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WINKING, SUMMER HOLLIS, and JAMES KILBANE, on behalf of themselves and all other plaintiffs similarly situated, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) SMITHFIELD FRESH MEATS CORP., and ) SMITHFIELD DISTRIBUTION, LLC, ) ) Defendants. ) | 22 C 1937 |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Smithfield Fresh Meats Corp.'s ("Smithfield") motion to dismiss or stay proceedings and Plaintiffs Kevin Winking and Summer Hollis's ("Named Plaintiffs") motion for conditional certification of a collective action.[1] Named Plaintiffs bring this putative collective action alleging Smithfield violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by improperly miscalculating overtime and underpaying its employees during the COVID-19 pandemic ("COVID"). Named Plaintiffs seek to represent a collective of current and former Smithfield employees who earned a "Responsibility Bonus" and worked

---

[1] Defendant Smithfield Distribution, LLC and Plaintiff James Kilbane settled all claims and are no longer in the case.

overtime during the same pay periods, excluding anyone who opted into a collective action before Judge Blakey, *Canas v. Smithfield Packaged Meats Corp., et al.*, No. 1:20-cv-4937 (N.D. Ill.), and any non-Smithfield Distribution, LLC employees working in North Carolina.[2] Named Plaintiffs ask the Court to certify the collective under Section 216(b) of the FLSA. Smithfield moves to dismiss[3] Named Plaintiffs' claims pursuant to the "first-to-file rule" and in light of *Canas*. For the following reasons, Smithfield's motion to dismiss is denied as moot and Named Plaintiffs' motion to certify is denied.

## BACKGROUND

The following facts come from the Amended Complaint and are assumed true for the purpose of this motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Named Plaintiffs' favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Smithfield is a meatpacking enterprise which employed Named Plaintiffs and the collective they seek to represent during COVID. Named Plaintiffs worked as hourly employees for Smithfield at its Monmouth, Illinois facility. Working at meatpacking facilities such as Smithfield during COVID was hazardous; the Washington Post

---

[2] Counsel for Named Plaintiffs filed a case in North Carolina, limited to Smithfield's North Carolina employees, also asserting claims under the FLSA regarding Responsibility Bonus payments. *Jean-Francois v. Smithfield Foods, et al*., No. 7:22-cv-63-D (E.D.N.C.).

[3] Smithfield does not specify under which Federal Rule of Civil Procedure it seeks to dismiss Named Plaintiffs' claims, but from context, we presume Smithfield seeks dismissal under Rule 12(b)(6).

2

reported that those plants "became deadly coronavirus hot spots" resulting in deaths, outbreaks of COVID-19 infections, and OSHA fines because meatpacking plants failed to provide a workplace "free from recognized hazards that were causing or likely to cause death or serious physical harm to employees." Dkt. # 1, at 1. The working conditions at Smithfield were so dangerous that it became the focus of the Congressional Select Subcommittee on the Coronavirus Crisis, which reported that Smithfield "has had over 3,500 workers contract the coronavirus and 8 employees die." *Id*. at 2.

Despite these risks, Smithfield needed its workers to continue coming to work at its slaughterhouses and distribution centers because it is an enormous pork producer. To facilitate this, Smithfield promised its workforce a $5 per hour "Responsibility Bonus" to show up to work. But Smithfield did not factor the Responsibility Bonus into the overtime rate and therefore, according to Named Plaintiffs, substantially underpaid its workforce when they worked overtime.

Based on the above, Named Plaintiffs filed a one-count complaint on April 14, 2022, alleging Smithfield violated the FLSA. *Id*. at 8. According to Named Plaintiffs, the law required that when Smithfield's workers received the Responsibility Bonus, their overtime rate (or "regular rate") would also take this payment into account.

Named Plaintiffs seek to maintain this suit as a collective action pursuant to Section 216(b) of the FLSA on behalf of themselves and all other non-exempt employees who were not fully compensated for overtime hours worked. Specifically,

3

Named Plaintiffs request certification of a collective consisting of "current and former employees of Smithfield who earned [the] Responsibility Bonus and worked overtime during the same pay periods. Excluded from the Collective are any persons who joined the FLSA settlement collective in [*Canas*] and any non-Smithfield Distribution, LLC employees who worked in North Carolina." *Id*. at 7. They allege that Named Plaintiffs and members of the asserted collective are similarly situated because they all regularly worked over 40 hours per week but were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week.

On March 11, 2022, Smithfield moved to dismiss the complaint with prejudice, asking the Court to exercise its discretion under the first-to-file rule because of the "first-filed" *Canas* collective action. Dkt. # 11. Alternatively, Smithfield asked the Court to stay the case "because Judge Blakey has addressed and will address identical issues" in *Canas*. *Id*. at 2.

On July 7, 2022, Named Plaintiffs moved for conditional certification of the collective action. Dkt. # 22. According to the Named Plaintiffs, this case involves the "narrow" question of whether payments made during a short period of time in 2020 should have been included in the regular rate of pay for overtime purposes and therefore they "easily meet the standard for Conditional Certification." *Id*. at 1. Smithfield opposes the motion, arguing certification would be duplicative because every member of the proposed collective was part of the certified collective in *Canas*.

4

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

*Canas* settled on February 4, 2021. *Canas*, Dkt. # 32. On March 25, 2021, Judge Blakey granted preliminary approval of the parties' settlement agreement, and notice was mailed to the FLSA collective members, giving them the option to opt into the settlement. *Canas*, Dkt. # 44. In doing so, Judge Blakey certified a Rule 23 class:

> Named Plaintiffs and all current and former non-exempt employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Kansas City Sausage Company, LLC who worked in Illinois anytime between April 1, 2020 and October 31, 2020, and received at least one Responsibility Bonus payment (as described in the Second Amended Complaint) between April 1, 2020 and October 31, 2020, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate.

*Id*. The settlement agreement included the creation of a "Reserve Fund" to "cover errors and omissions and to resolve claims by FLSA and Illinois Class Members disputing the amount of their settlement share." *Canas*, Dkt. # 46-2, at 5. The FLSA class included more than 30,000 employees, 8,913 of which made claims. *Canas*, Dkt. # 49.

On March 25, 2021, Judge Blakey certified the following collective, for settlement purposes only, pursuant to 29 U.S.C. § 216(b):

> Named Plaintiffs and all current and former non-exempt employees of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., or Kansas City Sausage Company, LLC who worked anywhere in the U.S., including Illinois, anytime between April 1, 2020 and October 31, 2020, and received at least one Responsibility Bonus payment (as described in the Second Amended Complaint) between April 1, 2020 and October 31, 2020, and whose weekly pay did not include sufficient overtime to cover all of the overtime that would have been paid had the Responsibility Bonus been included in the regular rate.

6

*Canas*, Dkt. # 44. He then granted final approval of the settlement agreement and dismissed the case without prejudice on September 13, 2021. *Canas*, Dkt. # 55.

On June 1, 2022, Smithfield moved to reassign and consolidate this case with *Canas*. *Canas*, Dkt. # 60. On June 7, 2022, the parties in this case jointly moved to stay the proceedings pending a ruling by Judge Blakey on the motion to reassign and consolidate. Dkt. # 23. The next day, we continued the motion to dismiss and motion to certify class and granted the motion to stay. Dkt. # 26. Smithfield filed a renewed motion to reassign and consolidate on December 9, 2022. *Canas*, Dkt. # 83.

On February 1, 2023, Judge Blakey denied the motion to reassign and consolidate, noting that the proposed collective in this case specifically excluded "any persons who joined the FLSA settlement collective in [*Canas*]" and finding that "although the classes are similarly defined, by definition, no members of the class in this suit are members of the class in Winking." *Canas*, Dkt. # 89. He further noted that even assuming the cases could be characterized as related, reassignment was still inappropriate because "[*Canas*] has been resolved and individual employees either are or are not bound at this point; employees who are not bound (either because they worked for a different Defendant or because they exercised the opt out right provided under the settlement), simply cannot be hamstrung by the settlement this Court approved. As a result, the Court will be required to consider those claims anew, and reopening those issues make little sense in this case, where the settlement has been approved." *Id*.

On March 2, 2023, Judge Blakey closed the *Canas* case. We lifted the stay in this case on March 10, 2023, and set a briefing schedule for the motion to dismiss and motion to certify. Dkt. # 37.

## I. Motion to Dismiss or Stay

Smithfield filed its motion to dismiss on May 31, 2022, when *Canas* was still an open case. Dkt. # 11. The only basis on which Smithfield moves to dismiss is the "first-to-file rule." It initially argued that this case should be dismissed in light of the "first-filed" *Canas* case because both cases "allege identical claims for failure to pay overtime on the responsibility bonus under the FLSA," both involved Smithfield, and the Named Plaintiffs were part of the collective in *Canas* (although they did not make claims). *Id*. at 7–10.

The first-to-file rule grants district courts discretion to dismiss, transfer, or stay a second-filed case when the actions that have been filed in separate federal courts are sufficiently duplicative. *Nicholson v. Nationstar Mortg. LLC of Del.*, 2018 U.S. Dist. LEXIS 113011, at *15 (N.D. Ill. 2018) (citing *McReynolds*, 694 F.3d at 888–89). "District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (cleaned up). "No mechanical rule governs the handling of overlapping cases," and therefore "the judge hearing the second-filed case may conclude that it is a superior vehicle and may press forward." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999).

8

Nine months passed between the filing of Smithfield's motion and the Court lifting the stay, during which time Judge Blakey declined to consolidate this case with *Canas*, and *Canas* was closed. Because *Canas* settled and is now closed, a "first-filed case" no longer exists. Named Plaintiffs argue that Smithfield's motion is moot, and the Court agrees. Smithfield even seems to agree that its motion to dismiss is now moot, instead pivoting to its arguments against conditional certification. Dkt. # 42, at 2–3; *see also id*. at 3 ("the principles underlying the first-to-file rule cannot be ignored and should instead be applied as an additional basis to deny Plaintiffs' pending Motion for Conditional Certification."). And Smithfield does not dispute that the Named Plaintiffs' may pursue individual actions. *Id*. at 2 n.1. Because the only issue to be decided is whether Named Plaintiffs can pursue a *collective* action, Smithfield's motion to dismiss is denied as moot and we proceed to the motion for conditional certification.

## II. Motion for Conditional Certification

"An action to recover the liability prescribed [in the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts in this District generally follow a two-step approach when determining whether members of a potential FLSA collective are "similarly situated." *See Garcia v. Salamanca Group, Ltd.*, 2008 WL 818532, at *2 (N.D. Ill. 2008); *see also Roberts v. One Off Hosp. Grp., Ltd.*, 2022 WL 16856393, at *2 (N.D. Ill. 2022). At step one, "[a] named plaintiff can show that the potential

9

claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003). "Once a 'modest factual showing' has been made, a court may, in its discretion, order that notice be provided to putative collective action plaintiffs." *Id*. "The second step consists of the court determining whether the class should be restricted based on the 'similarly situated' requirement after discovery is complete." *Id*. (cleaned up).

Named Plaintiffs argue that conditional certification is appropriate because "there is a strong factual showing that the workers are similarly situated in that they were all subject to Smithfield's company-wide FLSA-violating policies and practices of miscalculating the overtime rate of pay by failing to capture additional pay in the regular rate." Dkt. # 22, at 9.

While Smithfield does not dispute that Named Plaintiffs clear the "low bar" for conditional certification, it vehemently argues the Court should nonetheless decline to certify the collective because an identical collective was certified in *Canas*. For the following reasons, we agree with Smithfield.

Smithfield asserts that we should deny Named Plaintiffs' motion for several reasons, the first being that "conditional certification of a duplicative collective action is not a prudent and reasonable exercise of the Court's resources or discretion." Dkt. # 40, at 7. Because "all current and former employees of Fresh Meats who

10

received a Responsibility Bonus (this is, every single individual to whom Plaintiffs seek to send notice through this Motion) have already received notice and been given the opportunity to monetarily resolve their claims," the Court should not allow for "duplicative notice to the same individuals covering the same claims over the same time period as in *Canas*." *Id*. at 7–8. Smithfield argues that "[i]f courts allowed plaintiffs' attorneys to send notice over and over to the same group, litigation would never end and cases would never settle, which is why courts consistently refuse to certify a second FLSA collective that is nearly identical to the first." *Id*. at 8–9 (collecting cases).

Next, Smithfield contends that "every potential opt-in has already received notice and been given the opportunity to join [the] duplicative [*Canas*] settlement[], the terms of which were praised by Plaintiffs' counsel as 'excellent.'" *Id*. at 13. Smithfield points out that Named Plaintiffs' counsel in this case also represented the plaintiffs/the collective in *Canas* and "hashed out and agreed to" the *Canas* settlement. It argues there is no allegation that class counsel or any of the *Canas* settlement terms were inadequate, nor that any individual did not receive notice as intended or did not have a full opportunity to submit their claims in *Canas*—rather, counsel referred to the *Canas* settlement as an "excellent result" and stated there was a "high level of confidence that the overwhelming majority of Class Members received notice." *Id*. at 14 n.1. According to Smithfield, Named Plaintiffs "shamelessly seek Court approval for a second notice to be sent to the same individuals covering identical claims during the same time period as in *Canas*" with no justification. *Id*. at 14–15. Smithfield urges the

11

Court to reject the proposed collective because "permitting this duplicative FLSA collective action would undermine the interests of judicial economy" and notes that courts have significant discretion to avoid duplicative litigation *Id*. at 17.

Named Plaintiffs' opening motion argued only that they meet the basic requirements for conditional certification. They make additional arguments in their reply brief, but none are persuasive. First, Named Plaintiffs argue that conditional certification in *Canas* was granted for settlement purposes only, and "there was never notice given to join any *Canas* collective to litigate [potential collective members'] claims." Dkt. # 43, at 1–2. They also argue that "the FLSA contemplates multiple collectives and Defendant produces no support that a prior settled FLSA collective preempts conditional certification." *Id*. at 2.

Named Plaintiffs ignore the majority of Smithfield's response brief dealing with the propriety and practicality of certifying a second collective, the confusion that could ensue, and policy reasons against allowing a second collective here (i.e., disincentivizing potential members from joining a collective, disincentivizing settlement, and thwarting the purpose of collective actions in resolving multiple claims all at once). We agree with Smithfield's arguments on those points. Particularly convincing is the court's rationale in *Schucker v. Flowers Foods, Inc.*:

> With respect to the judicial efficiency of proceeding by way of a collective action, the court's conclusion in *Yates* depends on the assumption that individuals who chose not to opt-in to the first-filed collective action will opt-in to a second collective action (or file their own individual claim). But this blanket assumption belies commonsense, as there is no reason to

> infer that a potential opt-in plaintiff will be spurred to action by a second notice, but not the first. And in any event, such a conclusion depends on the factual circumstances of the case—for example, whether notice in the first-filed case was inadequate, whether circumstances at the employer have changed, or whether the adequacy of the representation in the first-filed case is in question. With respect to the burden on defendants of having to litigate potentially hundreds of individual lawsuits, the Court is confident that Defendants here have accounted for that possibility in opposing certification.

2017 WL 3668847, at *6 (S.D.N.Y. 2017). As Smithfield points out, "Plaintiffs have supplied no rationale, and no such rationale would be plausible, as to why notice recipients who did not return a form to receive a guaranteed payments two years ago in *Canas* would be likely to respond to a notice sent in 2023 with no guarantee of payment." Dkt. # 40, at 12. And we disagree with Named Plaintiffs that the fact that *Canas* was certified for settlement, but not for purposes of litigating, is a reason to certify a collective here. Any employees wishing to litigate their claims against Smithfield are free to do so via individual actions.

Named Plaintiffs next argue that "those who did not join the *Canas* FLSA collective have not given up any rights" and there are thousands of potential collective members remaining who did not make a claim in *Canas*. Dkt. # 43, at 5. They then argue for the first time that they "believe that a return rate could greatly increase if the notices were sent in several other languages spoken at Defendant's facilities" and "[d]uring administration of the *Canas* settlement, there was some difficulty communicating with class and collective members in English." *Id*. at 5–6. Even assuming this argument, raised for the first time on reply, could be considered, Named

13

Plaintiffs do not go so far as to actually say notice was inadequate, nor do they demonstrate that it was. Citing a CDC memorandum regarding an unrelated issue, they merely speculate and state they "believe that higher participation could have occurred if Defendant brought these [language] issues to light." *Id*. at 7. This argument is not well taken given counsel for Named Plaintiffs was involved in drafting the notice that went out in *Canas* and previously expressed a "high level of confidence" in the method of notice. *See* Dkt. # 45, at 4.

Named Plaintiffs also assert that Judge Blakey "already rejected" the judicial economy argument when denying the motion to consolidate this case with *Canas*, and that "[t]here was no briefing on any issue besides settlement approval[,] [t]here is no risk of duplicative litigation, as *Canas* was swiftly settled and barely litigated[, and] there is no risk of opposing judicial decisions, as *Canas* has been entirely dismissed." *Id*. at 9. These arguments miss the mark. Judge Blakey was considering a different question than the one posed here; he had to decide whether he should reopen *Canas* to "consider those [*Winking*] claims anew" and noted that Smithfield employees who were not bound to the *Canas* settlement could not be "hamstrung" by the settlement. Here, we consider whether to certify a second collective and send out a second round of notices to Smithfield employees that received notice of (but did not opt into) the *Canas* settlement.

Judge Dever considered a nearly identical certification motion in the North Carolina case against Smithfield and denied the motion as duplicative on July 10, 2023.

14

*Jean-Francois*, Dkt. # 48. There, the court first noted that "[c]onditional certification of an FLSA collective [] is discretionary" and that a "trial court's discretion to deny certification 'has continually been upheld where . . . it has been exercised so as to avoid duplicative class actions.'" *Id*. at 9 (citations omitted). It then observed that "[i]n Canas, a collective settled claims against [Smithfield] based on the same facts and during the same time period." *Id*. Furthermore:

> Here, plaintiffs seek a collective of all employees of several of Smithfield Fresh Meats Corp.'s North Carolina facilities. However, plaintiffs already were part of the collective who received notice as part of the Canas action. The Canas collective fully represents every plaintiff in this proposed collective. All Smithfield Fresh Meats Corp. employees in North Carolina are in the Canas collective and should have received notice in Canas.

*Id*. at 9–10 (citations omitted). The court "decline[d] to certify another collective action." *Id*. at 10 (citing eleven supportive cases from various federal courts). It found that "[i]nstead, plaintiffs' remedy is to proceed with their action as an individual action or request to be paid now what they would have received had they submitted a claim form from the Canas reserve fund. Accordingly, the court denies as duplicative plaintiff's motion for collective certification." *Id*. at 11–12 (citations omitted).

We agree with Smithfield and with Judge Dever that certifying a second collective as to the same claim, parties, and time period, and sending a second notice to Smithfield employees who already received notice of the *Canas* settlement and declined to opt in, would be duplicative and a poor use of judicial resources. We therefore exercise our discretion and decline to certify Named Plaintiffs' proposed collective.

15

Named Plaintiffs may proceed with their claims against Smithfield as individual actions.

## CONCLUSION

For the foregoing reasons, Smithfield's Motion to Dismiss (Dkt. # 11) is denied as moot and Named Plaintiff's Motion for Conditional Certification (Dkt. # 22) is denied. Status hearing set for September 26, 2023 at 10:30 a.m. It is so ordered.

Dated: August 22, 2023

Charles P. Kocoras
United States District Judge